In the Matter of the Application of CHASE MELLEN, JR., Petitioner, for an Order of Mandamus Directing the BOARD OF ELECTIONS OF THE CITY OF NEW YORK to Recognize FREDERIC KERNOCHAN as a Candidate, Duly Nominated by the Republican Party of the County of New York for the Office of Judge of the Court of General Sessions of the County of New York, and to Print the Name of Said Frederic Kernochan on the Paper or Machine Ballot.*

Supreme Court, New York County, October 11, 1933.

* Affd., 240 App. Div. 819; affd., 262 N. Y. 422.   See, also, 149 Misc. 814.

*Abraham S. Gilbert*, for the petitioner.

*Samuel L. Seabury* and *George Trosk*, for Frederic Kernochan.

*Leonard J. Obermeier*, for the Republican County Committee.

*Walter M. Weis*, for the Central Committee of the City Fusion Party.

*Albert S. Bard*, for the Citizens Union.

*Morris L. Ernst*, for the City Club of New York, *amicus curiæ*.

*John T. Dooling*, for the Regular Democratic Organization of the City of New York, in opposition.

*Arthur J. W. Hilly, Corporation Counsel [Russell Lord Tarbox of counsel]*, for the Board of Elections, in opposition.

COTILLO, J.   Motion to direct the board of elections of the city of New York to recognize as duly filed the certificate of nomination of Frederic Kernochan as the candidate of the Republican party for the office of judge of the Court of General Sessions of the County of New York, at the election to be held November 7, 1933.   The nomination is for the filling of a vacancy caused by the death of Judge Max S. Levine, who died on August 27, 1933.   Section 131, subdivision 8, of the Election Law directs that party nominations for offices to be filled at a general election and not specifically provided for in the statute shall be made at the preceding fall primary. According to this section, therefore, the nomination was to be made at such primary.   The official day for the latter event was September 19, 1933.   But as the vacancy occurred after the fifth Tuesday preceding the fall primary, it had to be filled pursuant to subdivision 7 of the section mentioned, " after the day of such primary   *   *   *   by a majority of a quorum of the members of the county committee or committees last elected in the political subdivision in which such vacancy is to be filled."

It is obvious that " after the day of such primary " the county committee " last elected " is the county committee elected on September 19, 1933.   The old county committee had no power to fill the vacancy, and the respondents are, therefore, in error in their contention that the old body could have filled the vacancy between August 27, 1933, and September 19, 1933.   It would be strange indeed that the law should provide for the designation of candidates by the will of party voters expressed directly or through delegates elected on September 19, 1933, and yet authorize the nomination in case of a vacancy occurring under the circumstances mentioned, by persons elected in 1931, and no longer representing the party will.

It must, therefore, be assumed that the nomination for the vacancy had to be made by the county committee elected on September 19, 1933. That committee did not organize until September 28, 1933. The earliest time for which a call for the nomination could have been made was September twenty-ninth, which was the eve of a solemn Jewish holiday. October first was Sunday. October second was the date of the convention of delegates to nominate candidates for the Supreme Court, and October third was the date at which the county committee actually met for the purpose of nominating a candidate. It was also the date when a candidate of the Democratic party was nominated. There can be no dispute that there was no undue delay in filling the vacancy. It would have been physically possible to file the certificate of nomination before midnight of the convention date. The fact that the Democratic certificate was filed the night of the convention proves this. But the statute (Election Law, § 140, subd. 10) provides that if a vacancy of this character occurs too late to comply with the provisions of section 140, the certificate of nomination shall be filed " as soon as practicable." The vacancy did occur too late to comply with section 140, subdivision 1. Consequently, it had to be filled " as soon as practicable," and the certificate filed " as soon as practicable." Under all the facts in the case, October 4, 1933, was a timely filing of the nomination, and the board of elections, after noting its due filing, had no right to reject the certificate several days later. The application for a mandamus, having been made more expeditiously, is, therefore, granted. Settle order forthwith.